260 N.J. Super. 541 (1992)
617 A.2d 277
DEBORAH KEUERLEBER, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF PEMBERTON, MAYOR THAILA C. KAY, AND BETTY STOVER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1992.
Decided November 24, 1992.
*542 Before Judges J.H. COLEMAN and SHEBELL.
*543 Sanford E. Chernin argued the cause for appellant.
John C. Gillespie argued the cause for respondents Township of Pemberton and Mayor Thaila C. Kay (Ferg, Barron & Gillespie, attorneys, William John Kearns, Jr., argued the cause for respondent Betty Stover (Kearns & Kearns, attorney; John C. Gillespie and William John Kearns on the joint brief).
Rosenblum & Rosenblum, attorneys for The Association of Municipal Assessors of New Jersey, filed an amicus curiae but did not argue the cause (John R. Lloyd on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The core question raised in this appeal is whether a nontenured tax collector is entitled to remain in office for the remainder of his or her term of office following a change in the plan of the municipality's government. The Law Division held that such a tax collector's term of office expired the day the new form of government became effective. We agree and affirm.
The operative facts are not disputed. On July 30, 1987, the Pemberton Township Committee appointed plaintiff Deborah L. Keuerleber to the position of Municipal Tax Collector for a term to expire December 31, 1991. See N.J.S.A. 40A:9-142. In November 1990, the voters of the township decided, pursuant to N.J.S.A. 40:69A-22, that the Township Committee plan of government should be changed to the Mayor-Council Plan of government under the Faulkner Act. See N.J.S.A. 40:69A:13 and 18. The Mayor-Council plan of government became operational at 12:00 noon on January 1, 1991.
During the first meeting of the newly formed plan of government, conducted the afternoon of January 1, 1991, the municipality established certain offices, including that of the tax collector. The council under the new plan of government adopted a resolution appointing defendant Betty Stover as the new tax collector, for a four year term, effective immediately. *544 Although plaintiff had been appointed by the governing body under the old plan of government, she never acquired tenure, and her position falls under the municipality's unclassified services. See N.J.S.A. 11A:3-5.
On January 22, 1991, plaintiff filed a complaint seeking back pay and reinstatement as tax collector until her term expired on December 31, 1991. Cross-motions for summary judgment were argued on September 26, 1991. The judge granted summary judgment to the defendants. He reasoned that there is no conflict between the Faulkner Act, N.J.S.A. 40:69A-207, which is special legislation, and the general law contained in N.J.S.A. 40A:9-141 and 142. He held that the Faulkner Act established the procedural mechanism for changing from one plan of government to another and described the consequences of such a change. Under that theory, he found N.J.S.A. 40A:9-141 and 142 simply mandate that the office of tax collector is one of the positions a municipality must have irrespective of the plan of government, and that the term of that office must be for four years.
In this appeal, plaintiff contends that when a municipality adopts "a new form of government under N.J.S.A. 40:69A-1 et seq., the unexpired term of the municipal tax collector does not come to an end and the office does not become vacant." She argues that there is a conflict between a provision of the Faulkner Act, N.J.S.A. 40:69A-207, and the provisions of the general law, N.J.S.A. 40A:9-141 and 142. She asserts that where such a conflict exists, the general law must prevail. We reject plaintiff's assertion that there is a conflict between the controlling statutes.
The Faulkner Act was enacted to present New Jersey's municipalities with various optional methods of organizing their local governments. The act was intended to confer upon the municipalities the greatest possible powers of local self-government and home rule consistent with the Constitution of this State. See N.J.S.A. 40:69A-30; Local Self-Government in *545 New Jersey: A Proposed Optional Charter Plan. Final Report of the Commission on Municipal Government, at x to xi (1949); Myers v. Cedar Grove Township, 36 N.J. 51, 57, 174 A.2d 890 (1961).
When defendant municipality changed from the Township Committee plan of government to the Mayor-Council plan, certain provisions in the Faulkner Act designed to facilitate the transition from the old to the new were triggered. In that vein, the Faulkner Act, N.J.S.A. 40:69A-26, provides that once the new plan of government has been adopted, "the municipality shall thereafter be governed by the plan adopted, by the provisions of this Act [N.J.S.A. 40:69A-1 to 40:69A-210] common to optional plans and by all applicable provisions of general law, subject to the transitional provisions of [N.J.S.A. 40:69A-150 to 40:69-210], ...." N.J.S.A. 40:69A-207a is the transitional provision of the Faulkner Act implicated in this case.
The Faulkner Act defined what it meant by general law. It provides that for purposes of the act, a "general law" shall be deemed to be "any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities, and the following additional laws whether or not such additional laws are so applicable or available to all municipalities: legislation relating to taxation, local courts, education, ...." N.J.S.A. 40:69A-28.
Thus, under the new Mayor-Council plan, the new government is required by the general law, N.J.S.A. 40A:9-141, to provide for the appointment of a municipal tax collector. The new government is further required by the general law, N.J.S.A. 40A:9-142, to ensure that its appointed municipal tax collector is appointed for a term of 4 years. While the old government was only governed by the applicable general law, N.J.S.A. 40A:9-141 and 142, the new Mayor-Council plan of government, effective at noon on January 1, 1991, is governed *546 by both the general law and the pertinent provisions of the Faulkner Act.
The pertinent transitional provision of the Faulkner Act is N.J.S.A. 40:69A-207a, which provides:
At 12 o'clock noon on the effective date of an optional plan adopted pursuant to this act, all offices then existing in such municipality shall be abolished and the terms of all elected and appointed officers shall immediately cease and determine; provided, that nothing in this section shall be construed to abolish the office or terminate the term of office of any member of the board of education, board of fire commissioners of a township fire district, trustees of the free public library, commissioners of a local housing authority, members of a municipal shade tree commission, board of managers of a municipal hospital, municipal magistrates or of any official or employee now protected by any tenure of office law, or of any policeman, fireman, teacher, principal or school superintendent whether or not protected by a tenure of office law. If the municipality is operating under the provisions of Title 11 of the Revised Statutes (Civil Service) at the time of the adoption of an optional plan under this act, nothing herein contained shall affect the tenure of office of any person holding any position or office coming within the provisions of said Title 11 as it applies to said officers and employees. If the municipal clerk has, prior to the effective date of the optional plan, acquired a protected tenure of office pursuant to law, he shall become the first municipal clerk under the optional plan.
The pertinent provisions of the general law are N.J.S.A. 40A:9-141 and 142, and they are applicable to all municipalities regardless of the municipality's optional form of local government. Specifically, N.J.S.A. 40A:9-141 and 142 respectively provide, in pertinent part:
Notwithstanding any other law the governing body or chief executive, as shall be appropriate to the form of government of the municipality by ordinance, shall provide for the appointment of a municipal tax collector....
Every municipal tax collector shall hold his office for a term of 4 years from the first day of January next following his appointment....
Based on the statutory language in N.J.S.A. 40:69A-28, even if N.J.S.A. 40A:9-141 and 142 were held to be inconsistent with the transitional provisions of N.J.S.A. 40:69A-207a, the general law does not rein supreme over the transitional provisions of the Faulkner Act, given the clearly expressed legislative intent. Except as otherwise stated, the applicable general law must be consistent with the Faulkner Act for the general law to control. Further, we are persuaded that plaintiff's contention that the *547 tax collector falls under the "legislation relating to taxation" general law exception of the transitional provision of N.J.S.A. 40:69A-28 is clearly without merit and no further comment is required. R. 2:11-3(e)(1)(E).
Our study of the pertinent statutory provisions satisfy us that a tax collector without tenure has no right to occupation of that office beyond the term of the office, which may be shortened if there is a change in the form of the municipal government. The term of of office "means the fixed legal period during which the incumbent may legally hold office." 3 McQuillan on Municipal Corporations (3ed. 1990) Section 12.108, p. 522. Under N.J.S.A. 40A:9-142 the term of office is affixed to the office itself, but that statutory provision does not protect an untenured person occupying the office when there is a change in the form of government. Upon a change in the plan of government, an untenured tax collector, figuratively speaking, dies with the old form of government  his or her term automatically comes to an end. Contrary to plaintiff's assertions, plaintiff's term of office expired as of noon January 1, 1991.
The legislative intent was that upon adoption of one of the Faulkner Act's optional plans, a "new broom" was given to the new governmental plan. This "new broom" allows the municipality to make a clean sweep, ensuring that the new municipal government is not hampered by a variety of holdover positions and employees from the old government. See Broadway National Bank of Bayonne v. Parking Authority of Bayonne, 40 N.J. 227, 235, 191 A.2d 169 (1963), (holding that the Faulkner Act gives the newly formed government the widest authority to control personnel, providing it with a clean slate, subject to specific exceptions); Downey v. Jersey City Board of Education, 74 N.J. Super. 548, 181 A.2d 795 (App.Div. 1962) (finding that the plan and all-pervading intent of the Faulkner Act is to give a new plan of municipal government a new broom to clean house).
*548 Finally, we reject plaintiff's contention that Beirne v. Gangemi, 74 N.J. Super. 557, 181 A.2d 800 (App.Div. 1962) supports her contention that she was protected as an unclassified civil service employee. She implies that Beirne held that a municipality could not oust the collector of taxes based upon a "clean slate" position, because a general law, like the "Walsh Act" superseded the "Faulkner Act." Plaintiff's reliance on Beirne is misplaced.
Beirne held that the plaintiff municipal tax collector could not be ousted because he was included in the unclassified service of the Civil Service system. At the time of that holding in 1962, the position of municipal tax collector was within the unclassified service. Positions in the unclassified service at that time were protected by N.J.S.A. 11:28-2. Accordingly, the Beirne court held that N.J.S.A. 11:28-2 granted the plaintiff protection during changes in form of government. However, N.J.S.A. 11:28-2 was repealed by L. 1986, c. 112, which was before plaintiff became the tax collector. No similar provision has been enacted to replace N.J.S.A. 11:28-2. Presently, the position of municipal tax collector is an unclassified position. N.J.S.A. 11A:3-5 provides that "the political subdivision unclassified service shall not be subject to the provisions of this title unless otherwise specified." Since plaintiff's position is not subject to the provisions of the Civil Service Act, Beirne has no application to this case.
Summary judgment in favor of defendants is affirmed.