**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1322

_____

JOHN J. ARMANO, JR.,

Appellant

v.

MICHELE MARTIN, ANGELA DONATO, NICHOLAS FAZZIO (Individually and in
their Official Capacity), JOHN ROGALE and ALBERT FRATTALI, SEAN
LONGFELLOW

_____

On Appeal from the United States District Court for
the District of New Jersey
(District Court No. 1-15-cv-02634)
District Court Judge: Honorable Noel L. Hillman

_____

Submitted Under Third Circuit LAR 34.1(a)
on November 8, 2016

Before: McKEE, RESTREPO, *Circuit Judges*, and HORNAK, *District Judge**[*]

(Opinion filed:  July 28, 2017)

_____

OPINION**[**]

_____

---

[*] Honorable Mark R. Hornak, District Judge for the United States District Court for the
Western District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

This matter came before this Court on appeal from an opinion and order of the United States District Court for the District of New Jersey granting Defendants' motion to dismiss and motion for summary judgment.[1] For the reasons that follow, we affirm the District Court's decision.

I.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), our review of the district court is plenary.[2] The Rules of Civil Procedure require that a plaintiff present "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4]

Our review of an order granting a motion for summary judgment is also plenary.[5] Summary judgment is appropriate where the moving party is entitled to judgment as a

---

[1] Appellee Roglale moved to dismiss Armano's claims against him, and the remaining Appellees moved for summary judgment.

[2] *See Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

[5] *Albrecht v. Horn*, 485 F.3d 103, 114 (3d Cir. 2007).

matter of law, and there are no genuine disputes as to any material facts.[6]  In reviewing a

motion for summary judgment, we view the evidence in the light most favorable to the

non-moving party.[7]  We refrain from making credibility determinations or weighing the

evidence.[8]

## II.

Washington Township operates under a mayor-council form of government

adopted under the Optional Municipal Charter Law, also known as the Faulkner Act.[9]

Under this form of government, a council "may . . . [r]emove, by at least two-thirds vote

of the whole number of the council, any municipal officer, other than the mayor or a

member of council, for cause, upon notice and an opportunity to be heard."[10]

Appellant John Armano, Jr., is a member of the law firm of Trimble & Armano,

LLC.  He was appointed as the Solicitor/Director of the Department of Law of the

Township on January 2, 2013.  His term was to expire on December 31, 2016.

On March 28, 2014, John W. Trimble, another partner of the law firm, filed an

action in New Jersey Superior Court on behalf of Council Candidate, John Daly.  The

defendants included members of the Washington Township Democratic Committee.

Trimble & Armano, LLC later voluntarily dismissed the lawsuit on April 9, 2014.

Thereafter, on January 3, 2015, Washington Township Council passed a resolution

---

[6] *See, e.g.*, *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996).
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[9] N.J.S.A. 40:69A-1 to -210.
[10] N.J.S.A 40:69A-37(b).

authorizing charges to be filed against Armano seeking his removal from his position of Solicitor/Director under N.J.S.A. 40:69A-36 and -37 and section 2-398 of the Township Code. The charges filed against Armano were as follows:

> CONFLICT OF INTEREST – KNOWINGLY ENGAGING IN ACTION WHICH WAS CONTRARY TO THE INTERESTS OF CURRENT CLIENTS, DULY ELECTED REPRESENTATIVES OF CLIENTS, AND INDIVIDUALS WHO ARE NOW REPRESENTATIVES OF CLIENTS.[11]

Armano responded with a report from a legal ethics expert who opined that Trimble's involvement in the lawsuit did not create a conflict of interest in violation of the New Jersey Rules of Professional Conduct. Despite that report, the Council passed another resolution removing Armano from his position. The resolution concluded that:

> As a result of the filing of the Lawsuit by Trimble & Armano, Council can no longer reasonably trust Trimble & Armano as the Township Attorney and that the attorney/client relationship has been irreparably broken and fractured due to the lack of trust and confidence as a result of the actions of Trimble & Armano . . . .[12]

Thereafter, Armano brought this action. His allegations included the claim that he did not receive proper notice of the charges against him or a fair hearing. However, Armano now concedes that if Defendants' grounds for dismissal constituted "cause" as required under the Faulkner Act, then all of his claims fail.[13]

The District Court found that Armano received "'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to

---

[11] *Armano v. Martin*, 157 F. Supp. 3d 392, 396 (D.N.J. 2016).
[12] *Id.* at 398.
[13] Appellant Reply Brief at 3.

present his side of the story.'"[14]  Moreover, despite finding that Armano "is correct that a group of laymen cannot determine whether an attorney has violated the Rules of Professional Conduct," the District Court held that Armano was removed "for cause."[15] The Court explained:

> plaintiff argues that because the only competent evidence, in the form of plaintiff's  witness who is an expert on legal ethics, determined that plaintiff did not violate RPC 1.7, 1.9, 1.10 and 1.11, he cannot be terminated ''for cause'' on that basis.  The Court finds that plaintiff's argument could be compelling if the Council terminated his employment solely on that basis. The Council, however, considered the broader implications of the situation, as described by the court in *Golaine*, to support the ''for cause'' requirement of N.J.S.A. 40:69A–37(b). . . . "Surely the public can presume that their chosen officials . . . should have freedom to select the professionals with whom they will work in harmony to provide the good government the citizens believe they will obtain through their vote."[16]

Accordingly, Defendants' motion to dismiss and motion for summary judgment were granted.  This appeal followed.

Armano's appeal turns on the meaning of "for cause" as used in the Faulkner Act. The Act does not define that term.  It does, however, define "good cause," for the purpose of one section, as "conviction of a crime or offense involving moral turpitude, the violation of the provisions of section 17-14, 17-15, 17-16, 17-17 or 17-18 of P.L.1950, c. 210 (C. 40:69A-163 through 40:69A-167), or the violation of any code of ethics in effect

---

[14] *Armano*, 157 F. Supp. 3d at 407 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)).
[15] *Id.* at 406 n.7, 407.
[16] *Id.* at 405 (quoting *Hiering v. Twp. of Jackson*, 589 A.2d 1373, 1377 (1990); citing *Golaine v. Cardinale*, 361 A.2d 593 (N.J. Super. Ct. 1976)).

within the municipality."[17]

Although "cause" has thus been defined by New Jersey courts in some contexts, it has not been interpreted in the circumstances before us involving a Township's removal of a Township Solicitor.

## III.

As mentioned above, the Faulkner Act defines "good cause." Clearly, "cause" must have a broader definition and include a wider scope of conduct than "good cause" because cause is not circumscribed by any limitation.[18] The New Jersey Superior Court, discussed the meaning of "cause" in *Golaine v. Cardinale*. There, a mayor removed a member of a Class IV municipal planning board for cause, and the member sued, arguing that he was improperly removed without cause. The Superior Court's discussion of "cause" is helpful here. We will therefore quote it at length.

> Cause in this context is a concept which, like all of the enduring principles of the common law, is certain as a matter of legal import while being at the same time extremely elastic as a matter of specific application. It means, essentially, such cause as is plainly sufficient under the law and sound public policy and has reference to a substantial cause touching qualifications appropriate to the office or employment or to its administration. . . .
>
> Because, however, removal for cause is a remedial proceeding, that cause and the culpability upon which it is based need not necessarily involve either commission of a crime or an improper purpose. . . . Where the dereliction charged, therefore, is not of such intrinsically reprehensible character, the determination of whether a specific act or omission

---

[17] N.J.S.A. 40:69A-93.

[18] *See Golaine*, 361 A.2d at 598 ("The undifferentiated 'cause' type of removal provision is manifestly broader and more inclusive than is the definitional type in respect of the nature of the conduct which will justify removal.").

constitutes cause for removal requires an evaluation of the conduct in terms of its relationship to the nature of the office itself. . . . The point, of course, is that the charged dereliction, to constitute cause, must be itself an act of misfeasance or nonfeasance, and must be, further, an act which in view of the duties and obligations of the office, substantially disadvantages the public. Thus, where a removal statute, as here, speaks in terms of neglect of duty rather than in terms of cause, the neglect charged must nevertheless meet all of these tests if it is to constitute an adequate basis of removal.[19]

We conclude that, under the circumstances here, since cause for removal requires neither commission of a crime nor an improper purpose, the Township acted well within the limitations of the Faulkner Act in terminating its relationship with the person it had entrusted with legally representing the Township. Moreover, for purposes of the Faulkner Act, it is irrelevant whether Trimble's involvement created an actual (or perceived) conflict of interest for Armano under the New Jersey Rules of Professional Conduct. Armano asks us to compel a client (the Township) to continue in a fiduciary relationship that is the underpinning of the lawyer/client relationship, even though the trust so important to that relationship no longer existed.

The Township Council has declared that:

1. Trimble & Armano's representation of Mr. Daly and others in the Lawsuit creates a substantial risk that Trimble & Armano's ability to provide independent legal advice to Council has been compromised.
2. Council reasonably believes that the filing of the Lawsuit created substantial doubts as to Trimble & Armano's impartiality and independence in rendering legal advice to Council which has resulted in a lack of confidence and trust in those advices. . . .
[3]. As a result of the filing of the Lawsuit by Trimble & Armano, Council can no longer reasonably trust Trimble & Armano as the Township Attorney and that the attorney/client relationship has been irreparably

---

[19] *Id.* at 598-99 (internal quotation marks omitted).

broken and fractured due to that lack of trust and confidence as a result of the actions of Trimble & Armano as aforesaid.[20]

Moreover, *Golaine* requires us to consider the "public interest and . . . public trust."[21]

In addition, the Faulkner Act "was intended to confer upon the municipalities the greatest possible powers of local self-government and home rule . . . ."[22] The Act permits municipalities to "[o]rganize and regulate [their] internal affairs, and to establish, alter, and abolish . . . employments . . . and fix their terms . . . ."[23] Thus, we agree with the District Court that since Armano's position "was a partisan political appointment" that could be terminated by two-thirds of Council "and that the elected officials should have the 'freedom to select the professionals with whom they will work in harmony,' the Council's lack of trust and confidence in plaintiff's services as Township Solicitor establishes sufficient cause to remove him from his position."[24]

IV.

For the reasons set forth above, we will affirm the District Court's decision.

---

[20] *Armano*, 157 F. Supp. 3d at 398.
[21] *Golaine*, 361 A.2d at 599; *see also Hiering*, 589 A.2d at 1375-77 ("[T]he attorney is an integral part of the administrative team and those accountable should not have thrust upon them a counsel who is not of their choosing. The trust and confidence inherent in any attorney-client relationship is critical to the efficient operation of local government. . . . Furthermore, requiring the majority of the governing body to receive the advice of counsel in whom it does not exhibit trust and confidence hardly engenders public respect, not to mention organizational stability and efficiency.).
[22] *Keuerleber v. Twp. of Permberton*, 617 A.2d 277, 278-79 (N.J. Super. Ct. App. Div. 1992), *certif. denied*, 627 A.2d 1140 (1993).
[23] N.J.S.A. 40:69A-29(a).
[24] *Armano*, 157 F. Supp. 3d at 406 (quoting *DeSoto v. Smith*, 891 A.2d 1241, 1246 (N.J. Super. Ct. App. Div. 2006)).